PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VERNON TURNER, ) | |
| ) | CASE NO. 4:15CV01813 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| DOUG FRANKLIN, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF Nos. 1, 2, and 3] |

*Pro se* Plaintiff Vernon Turner has filed this civil action against Doug Franklin, Mayor of Warren, Ohio; Health Commissioner Subhash Khaterpaul, M.D.; and Heath Official Anthony L. Angelou. ECF No. 1. Plaintiff has also filed a motion to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* is granted; however, for the reasons stated below, the Complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

**Standard of Review**

Although courts are obligated to construe *pro se* pleadings liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a federal district court is required to dismiss, at any time, any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal pursuant to 28 U.S.C. §1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, that

(4:15CV01813)

states a claim to relief that is plausible on its face. *See* Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals under 28 U.S.C. §1915(e)(2)(B)).

To avoid a determination of frivolousness, the factual allegations in the pleading "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim is frivolous when it lacks an arguable basis in law or in fact; therefore, a court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory, the factual contentions are clearly baseless, or the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *See* Neitzke v. Williams, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**Analysis**

Plaintiff's complaint, even liberally construed, is frivolous and fails to state a plausible claim on which relief may be granted. It appears Plaintiff's complaint arises, in part, from Defendants' condemnation of his property as "unfit for human habitation." *See* ECF No. 1-3 at PageID#: 16. Although Plaintiff uses various legal phrases and terms in his pleading, his complaint is rambling and incoherent. *See e.g.*, ECF No. 1 at PageID#: 2. Plaintiff has failed to set forth rational and intelligible factual allegations against any of the Defendants, and he does not sufficiently allege any discernible federal cause of action. Plaintiff merely makes vague and

(4:15CV01813)

unclear references to the "Ohio Constitution 1851 Bill of Rights" and sets forth legally frivolous assertions. *See e.g.*, ECF No. 1 at PageID#: 2 ("Furthermore, additional damages are being pursued in amount of $5,000,000.00 Million for trespass on private property and violations of my [i]nalienable rights as defined in the Ohio Constitution 1851 Bill of Rights subsection 1 . . .").

The liberal construction afforded *pro se* pleadings "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)). Plaintiff's complaint, therefore, must be dismissed because it is frivolous and fails to allege a plausible federal claim.

Additionally, even if Plaintiff had alleged a plausible federal claim, the doctrine of abstention would prohibit the Court from hearing it. The most that can be discerned from Plaintiff's unclear allegations is that Plaintiff disputes, in addition to the condemnation of his property, a pending state action initiated against him in the Warren Municipal Court. Plaintiff was charged with violating a municipal ordinance for failing to keep his property free and clean of bulky waste, garbage, refuse, rubbish, and other accumulated offensive material. *See* ECF No. 1-4 at PageID#: 33. Unless extraordinary circumstances are present, the doctrine of *Younger* abstention prohibits a federal court from interfering in an on-going state judicial proceeding that implicates important state interests and provides an adequate opportunity to raise constitutional challenges in that proceeding. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). *Younger* abstention is applicable in non-criminal

3

(4:15CV01813)

proceedings when important state interests are involved. *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996) (citations omitted).

    First, as shown above, the state proceeding against Plaintiff is ongoing. Second, enforcement of an ordinance involving the public health, such as the one under which Plaintiff is charged, constitutes an important state interest for purposes of *Younger* abstention. *See Goodwin v. County of Summit, Ohio*, 45 F.Supp.3d 692, 700 (N.D. Ohio 2014) (citations omitted) (stating that important state interests "include[] enforcement of local or municipal ordinances relating to health, safety, and welfare of its citizens"). *See e.g.*, *Ken-N.K., Inc. v. Vernon Township*, 18 Fed.Appx. 319 (6th Cir. 2001) (applying *Younger* abstention to a township's civil nuisance action to enforce its public nudity and zoning ordinances against the owners of an adult theater). Third, Plaintiff has failed to demonstrate that he would not have an adequate opportunity to raise constitutional challenges in the state proceedings. Finally, Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would constitute an exception to *Younger* abstention. *See American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (stating that if the prerequisites for *Younger* abstention are satisfied, "'so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain'").

    Accordingly, the doctrine of abstention would prohibit the Court from hearing a claim that Plaintiff's rights were violated by the state proceeding prior to resolution of the state case.

(4:15CV01813)

## Conclusion

For the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The pending motion for default judgment (ECF No. 3) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

February 29, 2016                   */s/ Benita Y. Pearson*  
Date                                    Benita Y. Pearson  
                                           United States District Judge